E. L. BROOKINS, Appellee, v. POLK COUNTY, Appellant.

COUNTIES: Statutory Liability—Criminal Process in State Cases. A county is liable to the bailiff of a municipal court for mileage and expenses incurred in the service of warrants and subpoenas in state cases pending in said court.

Headnote 1:  15 C. J. p. 565.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON, Judge.

APRIL 5, 1927.

Action at law, to recover judgment against Polk County, Iowa, for expenses and mileage incurred by the plaintiff, as bailiff of the municipal court of Des Moines, in the service of warrants and subpoenas in state cases having venue in said municipal court. A demurrer to the petition was overruled, and the defendant elected to stand on its demurrer, and appeals. —*Affirmed.*

*Vernon R. Seeburger*, County Attorney, and *Russell Jordan*, Assistant County Attorney, for appellant.

*C. C. Putnam* and *Guy S. Calkins*, for appellee.

DE GRAFF, J.—Did the trial court err in overruling defendant's demurrer to plaintiff's petition? This is the one question on the appeal.

The petition alleges that the plaintiff is the duly elected and qualified bailiff of the municipal court of the city of Des Moines; that one of his duties is to serve warrants, subpoenas, and proc-

esses issued out of said court in criminal cases in which the state of Iowa is plaintiff; that, in the performance of such duties by him, as bailiff of said court, he incurred certain expenses, in the aggregate of $303 (as shown by his verified itemized statement), during the months of January to April, inclusive, in the year 1925; and that a verified claim for said amount had been filed with the board of supervisors of Polk County, but that said board had failed to approve or pay the same.

The demurrer to the petition is, in substance, that there is no statutory liability on the part of the county·for the expenses incurred by plaintiff, as alleged.

We now turn to the statutes, in an attempt to find the answer to the question presented, since there is no common-law liability on the part of the county for costs. 15 Corpus Juris 324. The municipal court of the city of Des Moines is a city court. Section 10642, Code of 1924. The plaintiff, as bailiff of the municipal court of Des Moines, is an elective officer of said city. Section 10651. He is a peace officer, and is required by law to serve subpoenas and warrants in state cases. His duties are the same, as far as applicable, as those of constable and sheriff, respectively. Sections 10648 and 13405.

The fees of the justice court are defined and prescribed by Sections 10636 and 10637. It is further provided that:

"The fees contemplated in the two preceding sections, in criminal cases, shall be audited and paid out of the county treasury in any case where the prosecution fails, or where such fees cannot be made from the person liable to pay the same, the facts being certified by the justice and verified by affidavit." Section 10638.

. The fees of the district court are fixed by Section 10837.

The municipal court, in all criminal matters, exercises the jurisdiction conferred on justice of the peace courts, and shall have exclusive jurisdiction of prosecutions for the violation of the ordinances of said city. Section 10656.

The salary of a municipal court bailiff is fixed by law, and is paid monthly alternately by the city and by the county. Section 10688. The fees, costs, and expenses in municipal court cases, if no provision is made in the laws applicable to the district court therefor, shall be the same as in justice of the peace court, and the bailiff may retain the amounts allowed to him by

law for mileage and necessary actual expenses, in addition to his salary; but all other fees, fines, forfeitures, costs, and expenses shall be turned over to the county treasurer on or before the tenth day of each succeeding month by the officer collecting the same, and the city treasurer forthwith pays to the county treasurer for the benefit of the school fund the portion of the fines and forfeitures collected for the violation of state laws. Section 10671.

A review of the statutory provisions makes it apparent that the law contemplates that the bailiff of a municipal court shall be paid for his mileage and actual expenses in serving subpoenas and warrants in state cases. It is just as apparent that the bailiff is not privileged, nor is it possible for him, to retain his mileage and expenses from funds arising from fees, fines, and forfeitures in state cases finding venue in the municipal court, for the reason that these moneys or funds never come into his hands, but are paid to the clerk of the municipal court, the collecting officer, who is enjoined by statute to account therefor to the county, either directly to the county treasurer or indirectly through the city treasurer. Sections 10671 and 12557.

There is no warrant of law for the city clerk to retain from the funds in his possession the mileage and actual expenses incurred by the bailiff of his court. The clerk has no discretion in the premises. The county alone gets the benefit of the bailiff's services in state cases, and all the funds arising therefrom inure to the county, and are paid to the county. Clearly, the bailiff should not be expected to perform such services enjoined by law, without compensation. The intendment of the law is that the county shall bear the actual expenses incurred by the bailiff in the service of process in state cases having their venue in the municipal court.

The legal question really involves the construction of Section 10671; but there cannot be a compliance with that section, in a technical sense, because the bailiff cannot retain expenses from money that is not in his possession, and of which he has no legal right to be custodian.

It may be observed that the city of Des Moines is not a party to this action, although the matter resolves itself into a dispute between the city and the county. The bailiff, in fact, is an inno-

cent bystander.    We conclude that the petition states a cause of action.

The ruling of the trial court is, therefore,—*Affirmed.*

EVANS, C. J., and ALBERT and MORLING, JJ., concur.