EDWIN L. LUNDE, Appellant, v. WOODBURY COUNTY, Appellee.

No. 45824.

FEBRUARY 17, 1942.

Shull & Marshall, for appellant.

Robert B. Pike, for appellee.

MITCHELL, J.—Edwin L. Lunde commenced this action at law against Woodbury County, Iowa, to recover the sum of $406.76 for mileage which he claimed due and owing to him for the use of his automobile in the service of warrants, subpoenas and other like criminal processes issued out of the municipal court of Sioux City, Iowa, in criminal cases in which the State of Iowa was plaintiff, during the month of September 1939 and each and every month thereafter including February 1941. Lunde is now and has been bailiff of the municipal court for the city of Sioux City since April 4, 1938. He has charged this mileage to Woodbury County, Iowa, at 5 cents a mile for mileage traveled outside of Woodbury County and 7½ cents a mile for all mileage traveled inside of Woodbury County, which is the same rate paid under the statutes of Iowa to the sheriffs of the various counties.

The amount which the plaintiff claims is due him is $681.78. The county has paid him at the rate of 5 cents a mile for all mileage both outside and inside the county on the same basis as the amount allowed constables or officers of justice of the peace courts. There is no controversy between the parties as to the amount of mileage traveled.

Woodbury County filed a demurrer to the plaintiff's petition on the grounds that the plaintiff is entitled to the same mileage as is provided for like services rendered by officers of justice of the peace courts and that the petition shows upon its face that the plaintiff has been compensated in that amount. The municipal court of the city of Sioux City sustained the demurrer, after which ruling the plaintiff elected to stand upon his petition and judgment was entered for costs. The plaintiff has appealed.

The sole question involved in this case is whether a municipal court bailiff in Iowa is entitled to be compensated for mileage traveled in criminal cases in which the state is plaintiff at the rate allowed to sheriffs or at the rate allowed to constables or officers of justice of the peace courts. The rate allowed to sheriffs under the present Iowa statute is $7\frac{1}{2}$ cents per mile inside the county and 5 cents per mile outside the county and that allowed to constables or officers of justice of the peace courts is 5 cents per mile both inside and outside the county. The decision of this case involves the interpretation of the present Iowa statutes which will be hereafter quoted in this opinion. Apparently there has been a great deal of confusion in regard to what is the correct interpretation. Some years ago the attorney general of Iowa handed down an opinion holding that municipal court bailiffs were entitled to receive the same mileage as allowed to sheriffs. In October 1939 the attorney general's office reversed itself and rendered an opinion that bailiffs in municipal courts were entitled to 5 cents per mile, the mileage allowed to constables.

In the case of Brookins v. Polk County, 203 Iowa 567, 568, 569, 213 N. W. 258, 259, this court said:

"We now turn to the statutes, in an attempt to find the answer to the question presented, since there is no common-law liability on the part of the county for costs. 15 Corpus Juris 324. The municipal court of the city of Des Moines is a city court. Section 10642, Code of 1924. The plaintiff, as bailiff of the municipal court of Des Moines, is an elective officer of said city. Section 10651. He is a peace officer, and is required by law to serve subpoenas and warrants in state cases. His duties are the same, as far as applicable, as those of constable and sheriff, respectively. Sections 10648 and 13405.

"The fees of the justice court are defined and prescribed by Sections 10636 and 10637. It is further provided that:

" 'The fees contemplated in the two preceding sections, in criminal cases, shall be audited and paid out of the county treasury in any case where the prosecution fails, or where such fees cannot be made from the person liable to pay the same, the

facts being certified by the justice and verified by affidavit.' Section 10638.

"The fees of the district court are fixed by Section 10837.

"The municipal court, in all criminal matters, exercises the jurisdiction conferred on justice of the peace courts, and shall have exclusive jurisdiction of prosecutions for the violation of the ordinances of said city. Section 10656.

"The salary of a municipal court bailiff is fixed by law, and is paid monthly alternately by the city and by the county. Section 10688. The fees, costs, and expenses in municipal court cases, if no provision is made in the laws applicable to the district court therefor, shall be the same as in justice of the peace court, and the bailiff may retain the amounts allowed to him by law for mileage and necessary actual expenses, in addition to his salary; but all other fees, fines, forfeitures, costs, and expenses shall be turned over to the county treasurer on or before the tenth day of each succeeding month by the officer collecting the same, and the city treasurer forthwith pays to the county treasurer for the benefit of the school fund the portion of the fines and forfeitures collected for the violation of state laws. Section 10671.

"A review of the statutory provisions makes it apparent that the law contemplates that the bailiff of a municipal court shall be paid for his mileage and actual expenses in serving subpoenas and warrants in state cases. It is just as apparent that the bailiff is not privileged, nor is it possible for him, to retain his mileage and expenses from funds arising from fees, fines, and forfeitures in state cases finding venue in the municipal court, for the reason that these moneys or funds never come into his hands, but are paid to the clerk of the municipal court, the collecting officer, who is enjoined by statute to account therefor to the county, either directly to the county treasurer or indirectly through the city treasurer. Sections 10671 and 12557.''

The appellant cites to sustain his contention the following statutes:

Section 10648 of chapter 475, entitled "Municipal Court," among other things, provides as follows:

"* * * The duties of the clerk and the bailiff shall be the

same, so far as applicable, as those of the clerk of the district court, and of constables and sheriffs, respectively. * * *

"Section 10671 Fees, costs, and expenses. If no provision is made in the laws applicable to the district court for fees, costs, and expenses, they shall be the same as in justice of the peace courts. The bailiff may retain the amounts allowed to him by law for mileage and necessary actual expenses in addition to his salary. All other fees, fines, forfeitures, costs, and expenses shall be turned over to the city treasurer by the officer collecting the same on or before the tenth day of each succeeding month, and the city treasurer shall forthwith pay to the county treasurer, for the benefit of the school fund, the portion of the fines and forfeitures collected for the violation of state laws.

"Chapter 259 [Sheriff] Section 5187 Bailiffs—appointment—duties. The sheriff shall attend upon the district court of his county, and while it remains in session he shall be allowed the assistance of such number of bailiffs as the judge may direct. * * *

"5191 Fees. The sheriff shall charge and be entitled to collect the following fees: * * *

"10. Mileage in all cases required by law, going and returning, seven and one-half cents per mile, * * * In case the sheriff transports by auto, one or more persons to any state institution or any other destination required by law he shall receive five cents per mile for that portion of the trip outside of the county; or in case one or more legal papers are served on the same trip, he shall be entitled to but one mileage at the rate prescribed herein, * * *

"10637 Fees of constable. Constables shall be entitled to charge and receive the following fees: * * *

"4. For traveling fees, going and returning by the nearest traveled route, per mile, five cents."

Appellant argues that in analyzing the statutory provisions of the Code of Iowa it is clear the legislature of Iowa intended the bailiff of the municipal court to receive the same amount for state criminal mileage as is allowed and paid the sheriff, citing Code section 10648. It is then contended that the issue in the case at bar narrows down to the meaning

of the words "laws applicable to the district court" as used in section 10671, which is a part of chapter 475 of the 1939 Code of Iowa entitled "Municipal Courts". The pertinent inquiry then is whether provision is made in the laws applicable to the district court for the mileage that may be charged by the bailiffs of municipal courts. Do the laws applicable to the district court include the provisions of the statute relating to the sheriff? Appellant argues that they do. An examination of the statutes, however, shows that there is no provision made for the bailiff's mileage. The statute specifying the fees that shall be allowed to the sheriffs of the various counties is set out in section 5191 and nowhere in that section is there any reference to bailiffs of municipal courts. The legislature of Iowa has allowed to sheriffs a higher rate of pay for mileage than to any other official. Under the statute they are the favored officials as far as extra compensation for mileage is concerned. It was specifically provided by the legislature that they should receive the extra mileage but nowhere in the statutes is there any provision for bailiffs to receive the allowance given to sheriffs for mileage. The legislature could easily have inserted "bailiffs" in Code section 5191 if it had so desired, but this court has not the power to do so. That is the right of the legislature and the legislature alone. Section 5191, chapter 259, relating to fees of the sheriff, is entirely independent of the law applicable to the district court, appearing, as the section does, under Title XIV, applicable to county and township government.

The fees that are permitted by statute for district court officials to charge are set forth in Code section 10837. However, there is no provision in this section for the mileage either of the sheriff or the bailiff. Thus we find that there is no provision made in the laws applicable to the district court for fixing costs and expenses to be allowed to bailiffs of municipal courts and that, in order to ascertain the fees allowable, we must resort to section 10637 of the Code of Iowa, which is the section with provisions for the fees payable to the constable of the justice of the peace court.

We come to the conclusion that under the present statutes of Iowa the bailiff of a municipal court is entitled to 5 cents per mile for the use of his automobile while traveling on official

business· and that the lower court was right in sustaining the demurrer. It necessarily follows that this case must be, and it is, affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.